UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

v.

J.C. PENNEY CORPORATION, INC.,

          Defendant.
------------------------------------------------------------x

COMPLAINT AND
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment discrimination on the basis of race, African American, and to make whole Reinell Singh, who was adversely affected by such unlawful practices. Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC" or "the Commission") alleges that Defendant, J.C. Penney Corporation, Inc., discriminated against Ms. Singh on the basis of her race, African American, by discharging her from her position as a greeter at the Staten Island store location. This allegation will be described in greater detail in paragraph seven below.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1)("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The unlawful employment practices alleged below were committed within the

jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1), 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been a corporation under the laws of Delaware, doing business in New York, Richmond County, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §2000e-(b),(g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Reinell Singh, a former employee of Defendant, filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant engaged in unlawful employment practices by discriminating against Reinell Singh as to her terms, conditions and privileges of employment in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, as detailed below:

   a. In or around December 2004 and continuing until her termination in April 2005, Reinell Singh was subjected to repeated racial harassment by her supervisor. Among the statements that Reinell Singh heard were, "Don't speak to me, nigger" and "we will get rid of all the niggers and begin with that one."

b. In or around March, 2005 and continuing until her termination in April, 2005, Defendant gave Reinell Singh accumulated disciplinary notices dated from December, 2004. Defendant took these actions as pretext for the purpose of building a record by which to justify Defendant's discriminatory termination of Ms. Singh. The actual reason for Defendant's termination of Ms. Singh's employment was on the basis of her race, African American.

8. The effect of the practices complained of above in paragraph seven has been to deprive Reinell Singh of equal employment opportunities, and otherwise adversely affect her status as an employee because of her race, African American.

9. The unlawful employment practices complained of above in paragraph seven were intentional.

10. The unlawful employment practices complained of above in paragraph seven were done with malice and/or reckless indifference to the federally protected rights of Ms. Singh.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from any discriminatory actions, including the discharge of any employee, because of the employee's race, and enjoining any other employment practices of Defendant which discriminate on the basis of race.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees, regardless of their race, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole Reinell Singh by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary

to eradicate the effects of Defendant's unlawful employment practices, including but not limited to the rightful-place reinstatement of Ms. Singh.

D. Order Defendant to make whole Ms. Singh by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including but not limited to job search expenses, job training expenses, medical expenses, and loss of any other employment benefit, in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Singh by providing compensation for her non-pecuniary losses, including emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, fear, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Ms. Singh punitive damages for Defendant's malicious and/or reckless conduct, described in paragraph seven above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:
    New York, New York

        Respectfully submitted,

        Ronald S. Cooper
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Y. Reams
        Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington D.C. 20507

_____
Elizabeth Grossman
Regional Attorney

_____
Lisa D. Sirkin
Supervisory Trial Attorney

_____
Louis Graziano / BAR CODE 509438
Senior Trial Attorney
New York District Office
33 Whitehall St., 5th floor
New York, N.Y. 10004-2112
(212) 336-3698
(212) 336-3623 (facsimile)